NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: WELLS ALAN WYATT, | No. 21-35016 |
| Debtor, | D.C. No. 1:19-cv-00372-DCN |
| _____ | |
| WELLS ALAN WYATT, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| BANNER BANK, | |
| Appellee. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, Chief District Judge, Presiding

Argued and Submitted November 18, 2021
Pasadena, California

Before: BERZON, RAWLINSON, Circuit Judges, and KENNELLY,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

The bankruptcy code bars a debtor's discharge if he has "failed to keep or preserve any recorded information . . . from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." 11 U.S.C. § 727(a)(3). A debtor accordingly must "present sufficient written evidence which will enable his creditors reasonably to ascertain his present financial condition and to follow his business transactions for a reasonable period in the past." *Caneva v. Sun Cmtys. Operating Ltd. P'ship* (*In re Caneva*), 550 F.3d 755, 761 (9th Cir. 2008) (quoting *Rhoades v. Wikle*, 453 F.2d 51, 53 (9th Cir. 1971)).

The bankruptcy court in this case found that Wells Wyatt failed to meet his burden under section 727(a)(3), and it thus barred his discharge. Specifically, the bankruptcy court found that it could not ascertain Wyatt's ownership interests in cattle lots that he co-owned with his business partner, the Timmermans, from the records Wyatt presented. Although Wyatt introduced thousands of pages of exhibits into evidence, they did not include settlement sheets that, based on the record, had existed and would have definitively enabled determination of Wyatt's ownership interests. Instead, Wyatt introduced borrowing bank certificates (BBCs) that he claimed showed his interests. These BBCs, however, were riddled with inconsistences that made it impossible to accurately determine his ownership interests.

On appeal, the district court affirmed the bankruptcy court's decision. This Court independently reviews the bankruptcy court's decision and gives no deference to the district court's decision. *Harkey v. Grobstein* (*In re Point Ctr. Fin., Inc.*), 957 F.3d 990, 995 (9th Cir. 2020). When reviewing a discharge denial under section 727, the following standards apply:

> (1) the [bankruptcy] court's determinations of the historical facts are reviewed for clear error; (2) the selection of the applicable legal rules under § 727 is reviewed de novo; and (3) the application of the facts to those rules requiring the exercise of judgments about values animating the rules is reviewed de novo.

*Retz v. Samson* (*In re Retz*), 606 F.3d 1189, 1196 (9th Cir. 2010) (alteration in original) (quoting *Searles v. Riley* (*In re Searles*), 317 B.R. 368, 373 (9th Cir. BAP 2004)).

The bankruptcy court's finding that Wyatt failed to "keep and preserve" records was not clearly erroneous. Testimony from both Wyatt and Candice Cooley, Wyatt's bookkeeper for a few years, supports the finding that the BBCs did not accurately reflect Wyatt's equity ownership interests. Furthermore, the settlement sheets would have filled the gap, but Wyatt did not "keep and preserve" critical sheets: Wyatt produced settlement sheets from 2012 and 2015 but notably failed to produce settlement sheets from the two years immediately preceding his petition for bankruptcy, which would have enabled the court to fill in the missing information from the BBCs. Wyatt's reference to *Merena v. Merena* (*In re Merena*), 413 B.R.

3

792, 818 (Bankr. D. Mont. 2009), does not help him either, as it was not binding authority on the bankruptcy court in this case.

The bankruptcy court's conclusion that Wyatt did not justify his lack of adequate records was also correct. Wyatt contends that the inadequacy of his records was due to Cooley taking the laptop that contained the records, but there is no evidence that the laptop had the only copies of the records. On this point, Wyatt has not reconciled his contention with the fact that he was able to enter other settlement sheets into evidence. Wyatt's reliance on Cooley's accounting experience does not excuse his lack of records either. Based on his history of recordkeeping prior to his relationship with Cooley—a period that included the time when he entered into complex business agreements such as the original loan with Banner Bank—the bankruptcy court did not clearly err in finding that Wyatt bore responsibility for maintaining Livestock's records.

Lastly, Wyatt argues that the bankruptcy court committed legal error by failing to consider certain factors in its section 727(a)(3) analysis. We disagree. The court considered the relevant factors. *See In re Cox*, 904 F.2d 1399, 1403 n.5 (9th Cir. 1990) (identifying potentially relevant factors for the district court to consider). Specifically, it discussed Wyatt's background and experience in recordkeeping; in the absence of evidence to the contrary, it presumed that similarly situated cattle ranchers would maintain records identifying the disposition of major assets crucial

4

to their business operations; and it weighed the impact of Wyatt's reliance on Cooley. In short, the bankruptcy court correctly applied the law.

**AFFIRMED.**